**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANTWAN BOYD,

    Petitioner,

v.                                         CASE NO: 8:11-CV-1891-T-30TBM
                                                                            Crim. Case No: 8:08-cr-251-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) filed on August 19, 2011. The Court has considered Petitioner's Motion and Respondents' Response (CV Dkt. #7). Upon review, the Court determines that Petitioner's Motion should be denied.

**BACKGROUND**

Petitioner, Antwan Boyd (hereinafter referred to as "Boyd" or "Petitioner"), was found guilty of (1) possessing with intent to distribute 50 grams of crack cocaine and (2) being a felon in possession of a firearm and ammunition. Prior to trial, the government filed an information pursuant to 21 U.S.C. § 851 that it would rely on Boyd's two previous state felony convictions to seek the statutory mandatory minimum life sentence in 21 U.S.C. § 841(b)(1)(A). This information listed two 1995 Florida drug convictions and a 2003 Florida conviction for felony possession of cannabis.

Prior to trial, Boyd moved to suppress the evidence found on his person and in his truck. Following an evidentiary hearing, the district court denied Boyd's motion to suppress. After the jury returned a guilty verdict, Boyd filed a motion for a new trial arguing that the district court erred in denying his motion to suppress. Following a hearing, the district court denied Boyd's motion for a new trial.

Boyd also filed objections at sentencing to the PSI, arguing, among other things, that (1) he was not subject to § 841(b)(1)(A)'s mandatory life sentence because (a) his 2003 conviction for cannabis possession was not a felony and (b) his 2003 cannabis possession conviction was invalid because his counsel was ineffective and his due process rights were violated; and (2) a life sentence was cruel and unusual punishment under the Eighth Amendment.

The district court determined that Boyd's 2003 cannabis possession conviction was a valid conviction of record. Because Boyd's conviction was more than five years old and Boyd was represented by counsel at the time of his 2003 guilty plea, the district court concluded that it was not entitled to consider the validity of the state court judgment. The district court also overruled Boyd's Eighth Amendment objection. The district court sentenced Boyd to life imprisonment for the crack cocaine offense and to a concurrent 120-month sentence on the firearm offense.

Boyd filed an appeal with the Eleventh Circuit challenging the district court rulings discussed above and arguing that the ammunition found in the white car should have been suppressed and challenging the sufficiency of the evidence on both counts. The Eleventh Circuit affirmed Boyd's convictions and sentences. Boyd did not seek further

review from the Supreme Court. Boyd then filed this motion pursuant to 28 U.S.C. § 2255.

## DISCUSSION

**Timeliness**:

Boyd's conviction became final on October 25, 2010, when the ninety-day period for seeking certiorari review expired. *Clay v. United States*, 537 U.S. 522, 527 (2003). Therefore Boyd had until October 25, 2011, to file his § 2255 motion. 28 U.S.C. §2255 ¶ 6(1). Boyd timely filed this Motion on August 19, 2011.

**Ground One:**   The prior offense used to enhance the sentence was based on an unconstitutional statute.

In support of ground one, Boyd argues that the court used his conviction under a subsection of Section 893.13, Florida Statutes, to enhance his sentence, but that this Florida statute is facially unconstitutional because it lacked a mens rea element.

This contention relies on Boyd's prior conviction under the Florida statute being unconstitutional based on *Shelton v. Secretary, Department of Corrections, et. al.*, 2011 WL 3236040 (M.D.Fla., July 27, 2011). However, this Court has held, contrary to *Shelton*, that Florida's Drug Abuse and Control Law is not facially unconstitutional. *United States v. Bunton*, 2011 WL 5080307 (M.D.Fla., October 26, 2011). In addition, the Florida Supreme Court has recently agreed that § 893.13 is not facially unconstitutional. *Florida v. Adkins, et al.*, 2012 WL 2848903 (Fla., July 12, 2012). Accordingly, Boyd's first argument fails.

**Ground Two:**   Trial counsel was ineffective for failing to argue and preserve certain issues.

In ground two, Boyd claims that his trial counsel was ineffective for failing to argue and preserve issues related to:

> (1) the seizure of ammunition in the white car at the aunt's house; (2) the crack and powder cocaine disparity at sentencing; (3) the stop of the vehicle and the motion to suppress; (4) the enhancement of his sentence pursuant to Title 21, U.S.C. Section 851; and (5) the constitutionality of Section 893.13, Florida Statutes because I was convicted of a prior offense in 2003 under that statute and it was utilized to enhance my sentence.

Motion (CV Dkt. #1), p. 5.

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998) ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must

judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Counsel is not ineffective for failing to raise a nonmeritorious claim. *Diaz v. Secretary for the Dept. of Corrections*, 402 F.3d 1136 (11th Cir. 2005). Boyd complains of his counsel's failure to raise five different issues, all of which would have been nonmeritorious claims even if his counsel had raised them.

**Issue One:**

Boyd claims that his counsel provided ineffective assistance because he failed to challenge the issue of the seizure of ammunition in the white car at the aunt's house.

This topic was covered on direct appeal. Boyd's counsel did argue about the seizure of ammunition in the white car and the Eleventh Circuit, reviewing for plain error, decided against Boyd on the issue, "given that his convictions were based overwhelmingly on the gun and drugs recovered from his black truck." *Boyd*, 388 Fed. App'x at 946 n.1. "Once a matter has been decided adversely to a defendant on direct

appeal, it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000). Boyd fails to establish that he was prejudiced by his attorney's performance on this issue.

**Issue Two:**

Boyd claims that his counsel was ineffective because he failed to challenge the issue of crack and powder cocaine disparity at sentencing. This issue is discussed below in ground four. For those same reasons, this issue would not have been a meritorious claim and therefore does not support his ineffective assistance of counsel argument.

**Issue Three:**

Boyd claims that his lawyer provided ineffective assistance because he failed to challenge the issue of the stop of the vehicle and the motion to suppress. The discussion above in ground two, issue one covers this topic as well. Additionally, this specific issue was decided against Boyd on direct appeal. *Boyd*, 388 Fed. App'x at 946-948. For the same reasons discussed in ground two, issue one, this third issue would not have been a meritorious claim and therefore does not support Boyd's ineffective assistance of counsel argument.

**Issue Four:**

Boyd claims that his lawyer provided ineffective assistance because he failed to challenge the issue of the enhancement of Boyd's sentence pursuant to Title 21, U.S.C., Section 851. This issue is discussed above and below in grounds one and three. For those same reasons, this issue would not have been a meritorious claim and therefore does not support his ineffective assistance of counsel argument.

**Issue Five:**

Boyd claims that his counsel was ineffective because he failed to challenge the issue of the constitutionality of the Florida statute. This issue is discussed above in ground one. For those same reasons, this issue would not have been a meritorious claim and therefore does not support his ineffective assistance of counsel argument.

Boyd fails to show that any of the issues would have been persuasive even if his counsel had raised them or that he suffered any other prejudice as a result of his lawyer's representation. Therefore, counsel did not perform deficiently under *Strickland*. Accordingly, ground two fails in its entirety.

**<u>Ground Three:</u>**    The underlying conviction used to enhance the sentence is void ab initio and is an illegal sentence.

In ground three, Boyd argues that his state conviction from 2003 is void ab initio and is an illegal sentence because he only pled guilty to a misdemeanor. Boyd notes that although his previous challenges of the conviction were unsuccessful, there is a state habeas attack on the conviction pending.

The validity challenge to Boyd's 2003 drug possession conviction was reviewed on direct appeal by the Eleventh Circuit, which specifically noted that "the district court correctly concluded that Boyd's challenge to his 2003 cannabis conviction listed in the government's § 851 information was time-barred." *Boyd*, 388 Fed. App'x at 946. "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340 (11th Cir. 2000). In addition, "a federal criminal defendant cannot challenge his

prior state convictions which are the underlying basis to enhance his sentence absent a showing that the state conviction was obtained in violation of the right to counsel." *Brantley v. United States*, 2011 WL 6057510, *8 (M.D.Fla. Dec. 6, 2011); citing *Custis v. United States*, 511 U.S. 485 (1994) and *Johnson v. United States*, 544 U.S. 295, 303 (2005).

The Eleventh Circuit has already determined that the § 851 enhancement was properly applied and Boyd fails to show that his underlying conviction has been vacated. Accordingly, this ground fails.

**Ground Four:**    The different treatment of crack and powder cocaine makes the minimum mandatory provision of Title 21, U.S.C. Section 841 unconstitutional.

In ground four, Boyd argues that the minimum mandatory provision of Title 21, U.S.C. Section 841 is unconstitutional because of a disparate treatment of crack and powder cocaine. He asserts that the amount of crack cocaine recovered in this case is less than five kilograms, and because the disparate treatment makes the fifty gram threshold for cocaine base unconstitutional, the government should be required to prove a quantity in excess of five kilograms before the minimum mandatory provision applies.

The Eleventh Circuit has consistently held that § 841's different treatment of powder and crack cocaine offenders has a rational basis and does not trigger strict scrutiny absent evidence of discriminatory intent. *United States v. Byse*, 28 F.3d 1165, 1168-70 (11th Cir. 1994). Boyd has not established that there is a discriminatory intent behind § 841's different treatment of powder and crack cocaine and is therefore unable to

show that the minimum mandatory provision is unconstitutional. Accordingly, ground four also fails.

## **CONCLUSION**

Boyd's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 fails on all four grounds asserted.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#111, in the underlying criminal case, case number 8:08-CR-251-T-30TBM.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2011\11-cv-1891 deny 2255.docx